FILED
U.S DISTRICT COURT

2005 DEC -7  P 3: 31

THOM D. ROBERTS (#2773)
Assistant Attorney General
MARK L. SHURTLEFF (#4666)
Attorney General
160 East 300 South, 5th Floor
P.O. Box 140857
Salt Lake City, Utah  84114-0857
*Attorney For Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FREE SPEECH COALITION, INC., A California Not-For-Profit Trade Association, On Its Own Behalf and On Behalf of Its Members,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF UTAH, a body politic; THE UTAH DEPARTMENT OF COMMERCE, a department in the executive brnch of the State of Utah; THE DIVISION OF CONSUMER PROTECTION, an administrative agency in the Utah Department of Commerce; MARK SHURTLEFF in his official capacity as Utah attorney General of the State of Utah; GRANCINE GIANI, in her official capacity as the Executive Director of the utah Department of Commerce, and in her official capacity as the Director of the Division of Consumer Protection in the Utah Department of Commerce,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS (CASE OR CONTROVERSY AND STANDING)**<br><br>Judge Tena Campbell<br><br>Case No. 2:05CV00949 |

The Defendants, by and through their attorney of record, Thom D. Roberts, Assistant Utah Attorney General, hereby submit this Memorandum in support of their Motion to Dismiss (Case or Controversy and Standing):

Plaintiff filed this action for declaratory and injunctive relief concerning Utah's Child Protection Registry Act, Utah Code § 13-39-101 et seq. (CPR Act). Plaintiff, a trade association, claims that the CPR Act violates various provisions of United States and Utah Constitution, specifically involving First Amendment rights, supremacy issues, and equal protection.

Utah's CPR Act, at this time, makes it unlawful for a person to send an e-mail to an e-mail address that has been registered with the Registry for more than 30 days if the e-mail contains or advertises material that is harmful to minors, as defined in the Utah Criminal Code which prohibits providing information harmful to minors, Utah Code § 76-10-1201, or that *advertises a product or service that a minor is prohibited by law from purchasing.* Utah Code § 13-39-202(1). In order to ensure compliance with the law, an individual may compare its proposed e-mailing list with the Registry to ensure that its e-mails do not go to individuals who have been registered for more than 30 days. See Utah Code § 13-39-201.

Plaintiff alleges in paragraph 6 of its complaint that it is a trade association of more than 3,000 members. It alleges that its members use bulk commercial e-mail to advertise their goods and services through a "double opt-in method" of consent. Further, Plaintiff alleges that its members are involved in the "production, distribution, sale and presentation of non-obscene, adult oriented materials." However, Plaintiff does not allege that its members send by e-mail materials that are harmful to minors as that term is defined. Thus, Plaintiff does not allege that

Memorandum in Support of Motion to Dismiss
Free Speech Coalition v. State of Utah
Page 2

its members' e-mails regarding their goods and services would violate Utah's CPR Act. Therefore, there is no case or controversy involved here, Plaintiff lacks standing, this is not a justiciable claim, and the Court lacks the power and authority to hear Plaintiff's claim.

The judicial power of the courts under Article III of the United States Constitution only extends to resolve actual cases and controversies. <u>Valley Forge Christian College v. Americans United for Separation of Church and State</u>, 454 U.S. 464, 471 (1989). Questions of whether that judicial power exists for a court to entertain a particular action, or whether it should entertain that action, have developed under a number of different doctrines and theories, although the courts recognize their similarities. As stated in <u>Poe v. Ullman</u>, 367 U.S. 497, 503-4 (1961):

> 'The best teaching of this Court's experience admonishes us not to entertain constitutional questions in advance of the strictest necessity.' <u>Parker v. County of Los Angeles</u>, 338 U.S. 327, 333. See also <u>Liverpool, N.Y. & P.S.S. Co. v. Commissioners</u>, 113 U.S. 38, 39. The various doctrines of 'standing,' 'ripeness' and 'mootness,' which this Court has evolved with particular, though not exclusive, reference to such cases are but several manifestations - each having its own 'varied application' - of the primary conception that federal judicial power is *to be exercised to strike down legisltion, whether state or federal, only at the instance of one who is himself immediately harmed, or immediately threatened with harm, by the challenged action.* <u>Stearns v. Wood</u>, 236 U.S. 75; <u>Texas v. Interstate Comerce Comm'n</u>, 258 U.S. 158; <u>United Public Workers v. Mitchell</u>, 330 U.S. 75, 89-90. 'This court can have no right to pronounce an abstract opinion upon the constitutionality of a State law. Such law must be brought into actual, or threatened operation upon rights properly falling under judicial cognizance, or a remedy is not to be had here.' <u>Georgia v. Stanton</u>, 6 Wall. 50, 75, approvingly quoting Mr. Justice Thompson, dissenting, in <u>Cherokee Nation v. Georgia</u>, 5 Pet. 1, 75; also quoted in <u>New Jersey v. Sargent</u>, 269 U.S. 328, 331. 'The party who invokes the power [to annul legislation on grounds of its unconstitutionality] must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement . . .' <u>Massachusetts v. Mellon</u>, 262 U.S. 447, 488.

Memorandum in Support of Motion to Dismiss
Free Speech Coalition v. State of Utah
Page 3

The determination of the extent of the judicial power of the Court includes a strict application of the contitutional doctrines of Article III powers as well as the prudential concerns of the court as to whether it should intervene and attempt to resolve the issues at a particular time.

The requirements for standing were articulated in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). That standard was reiterated by the Tenth Circuirt Court in Bear Lodge Multiple Use Association, et al. v. Babbitt, 175 F.3d 814, 821 (10th Cir. 1999):

> First, the Plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a casual connection between the injury and the conduct complained of-the injury has to be fairly...trace[able] to the challenged action of the Defendant, and no...the[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.
>
> The party invoking federal jurisdiction bears the burden of establishing these elements and of coming forward with evidence of specific facts which prove standing.

(internal quotations and citations omitted).

Plaintiff's allegations do not show that it or its members are subject to the CPR Act. Further, it does not allege that the CPR Act directly or likely would apply to the activities of the Plaintiff or its members. Rather, Plaintiff presents a more general, theoretical challenge to the application of the CPR Act to individuals and entities other than the Plaintiff or its members. The federal courts lack jurisdiction or authority to entertain such an action.

As stated in Essence, Inc. v. City of Federal Heights, 285 F.3d 1272, 1281 (10th Cir. 2002).

Memorandum in Support of Motion to Dismiss
Free Speech Coalition v. State of Utah
Page 4

Injury-in-fact must be concrete and imminent. Hypothetical or conjectural harm is not sufficient. When a law does not apply to a party, that party has suffered no invasion of a legally protected interest and may not question the law's constitutionality. *See* Warth v. Seldin, 422 U.S. 490, 04, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (holding plaintiffs challenging zoning ordinance lacked standing because, among other reasons, "none is himself subject to the ordinance's strictures").

Similarly here. Plaintiff has not alleged that this act applies Plaintiff or its members and that the activity that they engage in would be a violation of Utah law. To the extent that Plaintiff alleges that there is a possibility that the CPR Act might apply to its or its members activities, such allegations of possible future injury are not sufficient. As stated in Essence, 285 F.3d at 1282:

> Thus, there is the *possibility* that the city will suspend or revoke the license through exercise of its allegedly overbroad discretion, unchecked by adequate procedural safeguards. An Article III injury, however, must be more than a possibility. *See* Whitmore v. Arkansas, 495 U.S. 149, 158, 110 S.Ct. 1717, 109 L.Ed.2d (1990) ("Allegations of *possible* future injury do not satisfy the requirements of Art. III." (emphasis added)). Essence must show that it "has sustained or is *immediately in danger of sustaining some direct injury.*" City of Los Angeles V. Lyons, 461 U.S. 95, 101-02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (emphasis added). The "threat of injury must be both real and immediate." *Id.* at 102, 103 S.Ct. 1660 (quotation omitted). Of course, Essence need not "await the consummation of threatened injury," but the injury must be "certainly impending." Babbit v. United Farm Workers Nat'l Union, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) (quotation omitted).

Defendants recognize that portions of this case involve allegations of violations of First Amendment rights of the Plaintiff and its members. However:

> [E]ven under the more lenient requirements for standing applicable to First Amendment overbreadth challenges, it still remains the law that plaintiffs must establish that they have suffered some *injury in fact* as a result of the Defendant's actions.
Memorandum in Support of Motion to Dismiss
Free Speech Coalition v. State of Utah
Page 5

Bischoff v. Osceola County Florida, 222 F.3d 874, 884 (11th Circuit 2000). That requires that some conduct or activity of the Plaintiff or its members is subject to or may be prosecuted under Utah's CPR Act.

Plaintiff alleges that its members are involved in the "sale and presentation of non-obscene, adult-oriented material." Plaintiff must allege and demonstrate that it or its members are dealing in material that is harmful to minors, as that crime is defined in Utah law,[1] so that Utah's CPR Act is applicable to and would be enforced against them in order for there to be a case or controversy and for the Plaintiff to have a standing. Otherwise, the action constitutes a request for resolution of the theoretical question of the constitutionality of Utah's CPR Act as it may apply to individuals and entities that are not parties before the Court.

---

[1] Utah Code Annotated § 76-10-1206 makes it a crime for a person to intentionally distribute or offer to distribute material harmful to minors knowing that the person is a minor or having negligently failed to determine the proper age of a minor. "Material harmful to minor" is defined in Utah Code § 76-10-1201(4) as

> (11) "Harmful to minors" means that quality of any description or representation, in whatsoever form, of nudity, sexual conduct, sexual excitement, or sado-masochistic abuse when it:
>
> (i) Taken as a whole, appeals to the prurient interest in sex of minors;
>
> (ii) Is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors; and
>
> (iii) Taken as a whole, does not have serious value for minors. Serious value includes only serious literary, artistic, political or scientific value for minors.

This Utah statute has been upheld in the face of First Amendment claims. State v. Burke 675 P.2d 1198 (Utah 1984).

Memorandum in Support of Motion to Dismiss
Free Speech Coalition v. State of Utah
Page 6

## CONCLUSION

Plaintiff has failed in its allegation to demonstrate that it has standing to bring this action, that there is a case or controversy, and that the matter is justiciable. Therefore, the Court lacks jurisdiction and authority to hear this matter and the Court should dismiss it.

Dated this 7th day of December, 2005.

MARK L. SHURTLEFF
Attorney General

THOM D. ROBERTS
Assistant Attorney General
Attorneys for State Defendants

Memorandum in Support of Motion to Dismiss
Free Speech Coalition v. State of Utah
Page 7

CERTIFICATE OF SERVICE

     I hereby certify that a copy of the MOTION TO DISMISS (CASE IN CONTROVERSY AND STANDING) was sent by U.S. Postal Service first class mail, prepaid, and email on this the 7th day of December, 2005.

Ira P. Rothken, Esq. (Pro Hac Vice)
ROTHKEN LAW FIRM
1050 Northgate Drive, Suite 520
San Rafael, CA 94903

Gregory A. Piccionelli, Esq. (Pro Hac Vice)
Robert A. Sarno, Esq. (Pro Hac Vice)
PICCIONELLI & SARNO
1925 Century Park East 2350
Los Angeles, CA 90067

Jerome Mooney, Esq.
MOONEY LAW FIRM
50 W. Broadway, #100
Salt Lake City, UT 84101

*[signature]*